Mr. Owen N. Powell Attorney for Holmes County School Board Post Office Box 789 201 North Martin Street Bonifay, Florida 32425
Dear Mr. Powell:
This is in response to your request, in your capacity as attorney for the Holmes County School Board, for an opinion on substantially the following question:
 ARE SOUND TAPE RECORDINGS OF MEETINGS OF THE HOLMES COUNTY SCHOOL BOARD SUBJECT TO THE PUBLIC RECORDS LAW, EVEN THOUGH A WRITTEN VERSION OF THOSE PROCEEDINGS IS MADE AVAILABLE TO THE PUBLIC?
Your letter of inquiry notes that the Holmes County School Board uses a tape recorder to assist the secretary in production of typed minutes of its meetings. Those minutes are required to be made pursuant to both s. 286.011(2), F.S. [see, AGO's 86-21, 82-47], and s. 230.23(1), F.S.
Section 286.011(2), F.S., expressly provides that "[t]he minutes of a meeting of any such board or commission of any such state agency or authority shall be promptly recorded, and such records shall be open to public inspection." (e.s.)
Section 230.23, F.S. provides:
 Powers and duties of school board. — The school board, acting as a board, shall exercise all powers and perform all duties listed below:
 (1) REQUIRE MINUTES AND RECORDS TO BE KEPT. — Require the superintendent, as secretary, to keep such minutes and records as are necessary to set forth clearly all actions and proceedings of the school board.
 (a) Minutes, recording. — The typed minutes of each meeting shall be reviewed, corrected if necessary, and approved at the next regular meeting; provided, that this action may be taken at an intervening special meeting if the board desires. The minutes shall be signed by the chairman and superintendent after approval and shall be kept as a public record in a permanent, bound book in the superintendent's office.
 (b) Minutes, contents. — The minutes shall show the vote of each member present on all matters on which the board takes action. It shall be the duty of each member to see to it that both the matter and his vote thereon are properly recorded in the minutes. Unless otherwise shown by the minutes, it shall be presumed that the vote of each member present supported any action taken by the board in either the exercise of, violation of, or neglect of the powers and duties imposed upon the board by law or legal regulation, whether such action is recorded in the minutes or is otherwise established. It shall also be presumed that the policies, appointments, programs, and expenditures not recorded in the minutes but made and actually in effect in the district school system were made and put into effect at the direction of the school board, unless it can be shown that they were done without the actual or constructive knowledge of the members of the board. (e.s.)
My research has not revealed any statutory requirement that a sound recording be made of such meetings. Attorney General Opinion 86-21 (s. 286.011 does not require meetings of Board of Commissioners of drainage district to be tape recorded); ss.286.011 and 230.23, F.S. However, notwithstanding the lack of a statutory requirement that such a recording be made, for the following reasons, it is my opinion that once made, such materials are subject to the requirements of Ch. 119, F.S., Florida's Public Records Law. Such (sound) tape recordings fall within the definition of "public records" pursuant to the express provisions of s. 119.011(1), which defines that term as:
 [A]ll documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency. (e.s.)
The term "agency," as used in s. 119.011(1), F.S., includes school districts. See, s. 119.011(2), F.S. Thus the recordings described above are subject to the requirements of Ch. 119, specifically s.119.07, F.S., which requires custodians of public records to allow inspection and examination of public records by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee, and to furnish copies of such records upon payment of the fee prescribed by law or if none is prescribed, upon payment of the actual cost of duplication.
Regarding disposal of these tapes, see, s. 119.041, F.S., as amended by s. 5, Ch. 86-163, Laws of Florida, which provides for the systematic disposal of records no longer needed subject to the consent of the records and information management services of the Department of State in accordance with s. 257.36; and s.257.36(7), F.S., as amended by s. 46, Ch. 86-163, Laws of Florida, providing that no record shall be destroyed or disposed of by any agency unless approval of the division is first obtained and requiring the division to adopt reasonable binding rules relating to the destruction and disposal of records. See also, AGO's 86-21, 82-47, 81-12, 75-45. Paragraph (a) of s. 257.36(7), as amended by s. 46 of Ch. 86-163, Laws of Florida, requires the division's rules to contain procedures for disposal. Thus, it would appear that the disposal of the above described tape recordings would be controlled by schedules referred to in s. 257.36(7)(a), F.S., as amended.
In summary, it is my opinion that sound tape recordings of meetings of a county school board are subject to the disclosure requirements of Ch. 119, F.S., the Public Records Law, even though a written version of those proceedings is made available to the public pursuant to s. 230.23(1), F.S., or s. 286.011(2), F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General